Slip Op. 07-129

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                    :
FORMER EMPLOYEES OF                 :
FISHER & COMPANY, INC.,                 :
                                                    :
                        Plaintiffs,             :
                                                    :          Before:              WALLACH, Judge
                        v.                          :          Court No.:           06-00403
                                                    :
UNITED STATES DEPARTMENT      :
OF LABOR,                                       :
                                                    :
                        Defendant.            :
_____:

[Defendant's Motion to Dismiss for Lack of Jurisdiction is DENIED and Defendant's denial of certification is AFFIRMED.]

Dated: August 23, 2007

Steven D. Schwinn, Associate Professor, University of Maryland School of Law[1]; and Kristine Grigorian, Student Attorney, Clinical Law Program, University of Maryland School of Law, for Plaintiffs Former Employees of Fisher & Company, Inc.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, Department of Justice, Civil Division, Commercial Litigation Branch (Joan M. Stentiford); and Frank Buckley, Office of the Solicitor, U.S. Department of Labor, Division of Employment and Training Legal Services, of Counsel, for Defendant United States Secretary of Labor.

---

[1] Plaintiffs are represented by a clinical law program at University of Maryland School of Law and their law professor, Steven D. Schwinn, who since the filing of this case, has notified the court that he will in the future be an associate professor at the John Marshall School of Law.  Given the continuing unavailability of Plaintiff's counsel, this Motion has been decided without oral argument.

## OPINION

**Wallach, Judge:**

# I
# INTRODUCTION

Plaintiffs, Former Employees of Fisher & Company, Inc., challenge the U.S. Department of Labor's ("Labor") denial of Linda Willhoft's petition for Trade Adjustment Assistance ("TAA") certification regarding her termination from Fisher & Company, Inc. on August 9, 2005.  The court has jurisdiction pursuant to 19 U.S.C. § 2395(c) and 28 U.S.C. § 1581(d)(1). For the following reasons, although Defendant's Motion to Dismiss for Lack of Jurisdiction is Denied, the matter is deemed a motion for summary judgment, and on the merits, Defendant is entitled to summary judgment.

# II
# BACKGROUND

Fisher & Company, Inc. ("Fisher") is a manufacturer of automotive seat components, headquartered in Michigan.  On August 9, 2005, Willhoft was among the third or fourth group to be laid off from the Fisher plant in Troy, Michigan. Willhoft Affidavit ¶¶ 2-3, Plaintiff's App. at 1.  On January 6, 2006 the plant where Willhoft had worked was closed permanently. Id. ¶ 6.

On August 12, 2006, former employees of Fisher Dynamics in St. Clair Shores, Michigan were certified for TAA eligibility.  Willhoft says that she spoke with one of those workers on August 31, 2006 and thus learned of the TAA program. Id. ¶ 15.  On the next business day, September 5, 2006, former employees of Fisher at Troy applied for TAA certification through the state workforce office. Petition for Trade Adjustment Assistance and Alternative Trade Adjustment Assistance for Fisher & Company Employees (September 5, 2006) ("Petition"),

Defendant's App. at 5.  Willhoft attached her petition to that of the group and indicated that she had been laid off from Fisher for more than one year. Id.

Labor certified the former employees of Fisher on September 28, 2006, but limited eligibility to those who had been laid off on September 5, 2005 or later. Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance and Alternative Trade Adjustment Assistance, 71 Fed. Reg. 60,761 (October 16, 2006).  Thus, Willhoft, who had been laid off on August 9, 2005, was denied certification for TAA eligibility. On October 24, 2006, Willhoft initiated this suit as a pro se litigant by letter to the court.  The Clerk of the Court deemed the letter to be the filing of a complaint. Complaint of Linda Willhoft ("Complaint"), Plaintiff's App. at 2.  Plaintiffs request that the court remand its case to the Department of Labor for reconsideration of Willhoft's eligibility for TAA certification, arguing that the one-year time limit for filing petitions should be equitably tolled because Willhoft had not been informed of the TAA program and would have applied on time, had she known of the program. Complaint ¶ 1.

### III
### STANDARD OF REVIEW

A defendant is entitled to USCIT Rule 12(b)(1) dismissal where, accepting the factual allegations made in the Complaint to be true, and drawing all inferences in favor of the plaintiff, it appears beyond doubt that no set of facts can be proven that would entitle plaintiff to relief. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); Forest Labs., Inc. v. United States, 403 F. Supp. 2d 1348, 1349 (CIT 2005) ("In deciding a motion to dismiss for failure to state a claim, as well as a USCIT R. 12(c) motion for judgment

on the pleadings, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.").

The court has exclusive jurisdiction to affirm or remand "in whole or in part" the actions of the Department of Labor with respect to the eligibility of workers for trade adjustment assistance. 19 U.S.C. § 2395(c); see also 28 U.S.C. § 1581(d)(1).  The court will uphold Labor's determination for TAA eligibility if it is supported by substantial evidence and is otherwise in accordance with law. 19 U.S.C. § 2395(b); Former Employees of Federated Merchandising Group v. United States, 2005 Ct. Intl. Trade LEXIS 19 at *6 (CIT February 7, 2005). Additionally, the court shall consider whether the agency's determination is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as provided for by the Administrative Procedures Act ("APA"). 5 U.S.C. § 706.  Given "the ex parte nature of the certification process, and the remedial purpose of the [TAA] program," the court has noted that Labor must conduct TAA investigations "with the utmost regard for the interests of the petitioning worker." Former Employees of IBM Corp. v. United States, 387 F. Supp. 2d 1346, 1351 (CIT 2005) (quoting Abbott v. Donovan, 7 CIT 323, 327-28 (1984) (internal quotations omitted)).

The court carries out a two-step analysis to determine whether an agency has properly interpreted and applied a statute. Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).  First, the court examines whether Congress has spoken directly on the precise issue. Id.  If Congress has spoken and its intent is clear, the court and the agency must give effect to that objective. Id.  However, if Congress is silent or the intent of Congress on that particular issue is ambiguous, the second step of the court's analysis is to determine whether the agency's interpretation is permissible construction of the statute. Id. at

843. "Provided the agency has acted rationally, the Court may not substitute its judgment for the agency's." <u>Rene v. Sec'y of Dep't of Homeland Sec.</u>, 2007 U.S. Dist. LEXIS 15215 at *21 n.12 (D.N.J. 2007) (citing <u>Koyo Seiko Co. v. United States</u>, 36 F.3d 1565, 1570 (Fed. Cir. 1994)).


# IV
# DISCUSSION

In Plaintiffs' response to Defendant's Motion to Dismiss, Plaintiffs included Willhoft's Affidavit, attesting to facts not contained in Defendant's Motion to Dismiss.  Pursuant to Rule 12(c), when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." In <u>NEC Elecs. U.S.A. v. United States</u>, 13 CIT 214, 709 F. Supp. 1171 (1989), where the defendant interposed an answer to the plaintiff's complaint, the court treated the defendant's motion to dismiss as one for summary judgment pursuant to Rule 12(c).  A similar situation is presented here by the Plaintiffs' submission of Willhoft's Affidavit.  Therefore, the court will treat Defendant's Motion to Dismiss as a motion for summary judgment.


# A
## The Court Has Subject Matter Jurisdiction Where a Former Employee
## Challenges a Denial of TAA Benefits

Defendant requests that the court dismiss Plaintiffs' case for lack of subject matter jurisdiction.  Labor states that the Government must explicitly waive its sovereign immunity in the context of a statute, and so establish a court's jurisdiction in a suit against the Government. Defendant's Motion to Dismiss for Lack of Jurisdiction ("Defendant's Motion") at 4.  Defendant acknowledges that 28 U.S.C. § 1581(d) and 19 U.S.C. §§ 2395(a)-(c) grant the court jurisdiction to review Labor's TAA certification determinations, but argues that this does not include

instances where there is no case or controversy. Defendant's Motion at 6.  Because the Fisher

class was certified, Labor argues, there is no case or controversy here and Plaintiffs' suit is moot.

Id.

      Plaintiffs counter that Willhoft is not challenging the certification of her fellow former

employees, but rather Labor's rejection of her individual petition. Plaintiffs' Memorandum of

Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Plaintiffs'

Opposition") at 5.  Willhoft claims that the state workforce office told her that her petition was

denied because she had applied after the one-year deadline. Complaint  ¶ 2.  Therefore, Plaintiffs

argue, Willhoft was denied benefits pursuant to 19 U.S.C. § 2273(b)(1), and the court has subject

matter jurisdiction over denials in accordance with 19 U.S.C. § 2395(a) and 28 U.S.C. §

1581(d)(1). Id.

      The Supreme Court has stated that "a case is moot when the issues presented are no

longer live or the parties lack a legally cognizable interest in the outcome." Powell v.

McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969) (internal quotations and

citations omitted).  Even if a defendant addresses some of a plaintiff's claims or injuries prior to

judicial review, "the case is not moot if other consequences of defendants' actions remain." NEC

Corp. v. United States, 151 F.3d 1361, 1369 (Fed. Cir. 1998); accord Former Employees of

Quality Fabricating, Inc. v. United States Dep't of Labor, 343 F. Supp.2d 1272, 1286-1287 (CIT

2004).  The court in NEC Corp. found that the plaintiff's case was not moot because even though

the agency had issued a final anti-dumping duty order, the trial court could still provide relief by

granting an injunction on that order. NEC Corp., 151 F.3d at 1369.  In the present case, although

the agency certified former employees of Fisher, Willhoft was a member of that class and her

petition was denied.  Plaintiffs seek a remand of Labor's determination in her case, so that she

may apply for TAA benefits. Plaintiffs' Opposition at 1-2.  Therefore, this court, like the court in

<u>NEC Corp.</u>, "could still fashion a useful remedy" to the agency's determination in the case of

Willhoft. <u>NEC Corp.</u>, 151 F.3d at 1369.  For these reasons, the case is not moot.


**B**

**Plaintiff is Not Entitled to Equitable Tolling in this Case Because She Failed to Exercise
Due Diligence**

**1**

<u>**The Parties' Arguments Regarding Equitable Tolling**</u>

The Government argues that no jurisdiction exists to equitably toll the one-year deadline

for filing a petition for TAA certification contained in 19 U.S.C. § 2273(b)(1) because the one-

year rule is not a filing deadline that can be extended by equitable tolling, but rather a substantive

requirement for receiving TAA benefits.[2] Defendant's Motion at 6-7, 9; Defendant's Reply to

Plaintiff's Opposition to Motion to Dismiss ("Defendant's Reply") at 6-8.  Though this argument

fails on the facts of this case, Plaintiff still cannot recover.

Defendant claims that as a matter of law, the agency could only certify former employees

of Fisher who had been separated from the company less than one year before the petition was

submitted on September 5, 2006, and Willhoft's petition was denied because she filed more than

one year after her separation from Fisher. Defendant's Motion at 3-4, 7.  Alternatively,

---

[2] 19 U.S.C. § 2273(b):

> Workers covered by certification.  A certification under this section shall not
> apply to any worker whose last total or partial separation from the firm or
> appropriate subdivision of the firm before his application under section 2291 of
> this title occurred –
>
> > (1) more than one year before the date of the petition on which such certification
> > was granted, or
> >
> > (2)  more than 6 months before the effective date of this chapter.

Defendant argues that even if equitable tolling does apply to the one-year rule, Willhoft fails to establish that her petition is entitled to equitable tolling. Defendant's Reply at 9.  Labor argues that none of the circumstances to which Willhoft points amount to affirmative misconduct by the Department of Labor. Id.   Further, Defendant argues that the court has rejected the claim that an agency's failure to notify is a basis for extending the one-year deadline, holding that Congress did not consider it sufficient grounds for extending the deadline. Id. (citing Former Employees of Westmoreland Mfg. Co. v. United States, 10 CIT 784, 650 F. Supp. 1021 (1986)).

Plaintiffs counter that equitable tolling can be applied to statutory deadlines under TAA, including the one-year deadline in 19 U.S.C. § 2273(b)(1), because the statute contains no language prohibiting tolling of the one-year rule. Plaintiffs' Opposition at 7-8.  Plaintiffs further argue that Willhoft is entitled to the benefit of equitable tolling because Labor violated its duty under 19 U.S.C. § 2275(a) to inform Willhoft about the TAA program and its deadlines.[3] Id.

Plaintiffs argue that even though Willhoft exercised due diligence in pursuing benefits for dislocated workers, she learned of the TAA program after the one-year deadline because Labor had violated its duty under 19 U.S.C. § 2275(a) to inform her about TAA. Id. at 7.  The evidence

---

[3] 19 U.S.C. § 2275 concerns benefit information for workers:

> (a) The Secretary shall provide full information to workers about the benefit allowances, training, and other employment services available under this chapter [19 U.S.C. §§ 2271 et seq.] and about the petition and application procedures, and the appropriate filing dates, for such allowances, training and services.  The Secretary shall provide whatever assistance is necessary to enable groups of workers to prepare petitions or applications for program benefits.  The Secretary shall make every effort to ensure that cooperating State agencies fully comply with the agreements entered into under section 239(a) [19 U.S.C. § 2311(a)] of this title and shall periodically review such compliance.  The Secretary shall inform the State Board for Vocational Education or equivalent agency and other public or private agencies, institutions, and employers, as appropriate, of each certification issued under section 223 [19 U.S.C. § 2273] of this title and of projections, if available, of the needs for training under section 236 [19 U.S.C. § 2296] of this title as a result of such certification.

that Plaintiffs rely on to illustrate Willhoft's due diligence arises out of her account of what transpired after she was terminated from Fisher on August 9, 2005.

Willhoft states that at the time of her termination, neither her direct supervisor nor Fisher's human resources representative told her about the TAA program or unemployment benefits, in spite of the fact that a TAA petition on behalf of former employees at Fisher Dynamics in St. Clair Shores, who handled the same automotive parts that she did, was submitted two months before she was laid off. Willhoft Affidavit ¶ 4; Complaint ¶ 1.[4]  Willhoft claims that she learned of unemployment benefits, but not of the TAA program, through a state-run automated hotline. Willhoft Affidavit ¶ 7.

Just before her unemployment benefits were about to expire, Willhoft says that she visited a state workforce office to ask about job retraining but was told that because the automotive industry was doing so poorly, she would be unlikely to find a new job in that sector and therefore the state would not pay for classes relating to automotive work. Id. ¶ 8.  She claims that she met with three representatives of the state workforce office in the year following her termination, including Lisa Rodriguez, a Trade Adjustment Representative, and that she corresponded with her Congressman, U.S. Senator, and State Senator for assistance, but no one informed her about the TAA program. Id. ¶¶ 9-12, ¶ 14.

Shortly after Willhoft was laid-off from Fisher, employees remaining there were notified that they too would soon be laid off.  Willhoft claims that a representative from the state workforce office, Michigan Works!, gave those employees a presentation about programs for dislocated workers, including TAA, but former employees such as herself, who had been

---

[4] Willhoft says that although her "pink slip" cited "lack of work" as the reason behind her termination, the actual reason was that the company's production of parts had moved to Mexico. Willhoft Affidavit ¶ 5.

terminated at an earlier point, were not notified of the presentation.[5] Id. ¶¶ 6, 19.  Willhoft states

that she finally learned of the TAA program on August 31, 2006 from a friend who had worked

at Fisher Dynamics in St. Clair Shores. Id. ¶ 15; Plaintiff's Opposition at 11.  Plaintiffs argue that

if the one-year deadline is tolled, Willhoft will qualify for TAA benefits because she meets the

substantive requirements of 19 U.S.C. § 2272(b) and falls within the category of workers

Congress intended to assist through TAA legislation. Id. at 17.


**2**
**Equitable Tolling Can Apply in TAA Cases**

Although as a matter of law Labor can only certify former employees who have been laid

off within one year of filing for TAA certification, the Supreme Court has held that statutory

deadlines can be equitably tolled if Congress has expressly waived its sovereign immunity in the

relevant statutory text. 19 U.S.C. § 2273(b)(1); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89,

95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).  Such a waiver has been granted here in 28

U.S.C. § 1581(d)(1), which grants the court exclusive jurisdiction to review the Secretary of

Labor's final determinations, and 19 U.S.C. § 2395(c), which permits the court to affirm or

remand "in whole or in part" those determinations.  Defendant cites cases to argue that Congress

intended that the one-year requirement not be tolled, and that this court has refused to toll the

deadline. Defendant's Motion at 8; Defendant's Reply at 6-9; Former Employees of

Westmoreland Mfg. Co. v. United States, 10 CIT 784, 650 F. Supp. 1021 (1986); Nelson v.

---

[5] Although former employees who had been laid off when the Troy plant closed had been
informed of TAA assistance prior to their termination, none had filed for certification prior to the
September 5, 2006 filing. Plaintiffs claim that the state workforce office told Willhoft that she
was the only worker in her division to call about TAA benefits, and thus if she had not called,
none of the other former employees of Fisher would have received TAA certification. Complaint
¶ 2.

United States Sec'y of Labor, 20 CIT 896, 936 F. Supp. 1026 (1996).  However, both

Westmoreland and Nelson concerned the question of whether the one-year deadline could be

tolled so that a class could be certified, whereas here former employees of Fisher have been

certified. Westmoreland, 10 CIT at 785; Nelson, 20 CIT at 897.  Moreover, Defendant overlooks

the significance of Irwin, 498 U.S. at 95-96, where the Supreme Court noted that statutory

deadlines are subject to tolling, and ignores Anderson v. Sec'y of Agric., 462 F. Supp. 2d 1333,

1335, n. 6 (CIT 2006), where the court found that the doctrine of equitable tolling would permit a

claim brought under 19 U.S.C. § 2395.

**3**
**Equitable Tolling Is Not Appropriate in This Case**

The issue here, therefore, is whether the one-year requirement should be equitably tolled

in Willhoft's case.  Equitable tolling is typically extended "where the claimant has actively

pursued his judicial remedies by filing a defective pleading during the statutory period or where

the complainant has been induced or tricked by his adversary's misconduct into allowing the

filing deadline to pass." Irwin, 498 U.S. at 96.  Those are not the only bases upon which an

equitable tolling claim can be made, but federal courts generally do not permit late filings where

the claimant has failed to exercise due diligence in preserving his or her legal rights. Id. (citing

Baldwin County Welcome Ctr v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196

(1984)).

This is not a case where a party has filed a timely, but defective, pleading.  Willhoft's

petition for certification clearly acknowledged that she had been laid off for more than one year.

Petition at 3 (the state workforce office attached this explanation to Willhoft's petition: "Original

petition (attached) was signed by 3 workers – however, 2 of those workers have been laid off for

more than 1 year.").  Rather, Plaintiffs are essentially arguing that the state workforce office and

Labor misled Willhoft by failing to inform her about the TAA program and deadlines.  A similar claim was rejected by the court in <u>Former Employees of Sonoco Products, Co. v. Chao</u>, 372 F.3d 1291 (Fed. Cir. 2004).

In <u>Sonoco</u>, appellants argued that the state employment office, and thus the Government, had misled the claimant by not fully informing her of the Department of Labor's publication procedures and the related running of the statute of limitations. <u>Id.</u> at 1298-99.  The court pointed out that the claimant, Dorothy Fail, had never requested such information and thus characterized the appellants' argument this way: "appellants assert that Fail was misled . . . because the office <u>did not take it upon itself</u>, without the request by Fail, to fully inform Fail . . ." <u>Id.</u> (emphasis added).  The court in <u>Sonoco</u> found that the claimant had not acted diligently to preserve her legal interests, for she "[a]t best . . . inquired about the case while in the unemployment office three times on other business." <u>Id.</u>  A remand request was also rejected for lack of due diligence in <u>Ingman v. Sec'y of Agriculture</u>, Slip Op. 05-119, 2005 Ct. Intl. Trade LEXIS 127 (CIT September 2, 2005), where the petitioner filed for TAA benefits late because he was waiting for Labor to send him what was "essentially a courtesy copy" of the application. <u>Id.</u> at *15.

Similar to the claimants in <u>Sonoco</u> and <u>Ingman</u>, here the Plaintiffs are arguing that Willhoft's petition was late because Labor failed to supply her with information which it was not required to give, and that she herself did not request.  By her own admission, Willhoft's business at her state's workforce office was to inquire about job retraining and an extension of her unemployment insurance. Willhoft Affidavit ¶¶ 8, 11.  Although the state workforce office classified her as a "dislocated worker," and she told at least one employee there that she was among many workers laid-off at her plant, the office was required to do nothing more than "provide full information . . . about the benefit allowances, training, and other employment

services available" to her. Id. ¶¶ 9-12; 19 U.S.C. § 2275(a).  The office satisfied its duty by offering Willhoft retraining classes in a non-automotive sector, an offer which she apparently declined. Plaintiffs' Opposition at 3.  The office therefore provided the only option available to her, and was not required to discuss TAA petitions and deadlines because individuals cannot petition for TAA certification. See, e.g., Nelson, 20 CIT at 902 (Plaintiff's petition for TAA certification was invalid because "one person fails to constitute a group of workers").

Contrary to Plaintiffs' assertion, the present case is distinguishable from that of  Former Employees of Quality Fabricating, Inc. v. United States Sec'y of Labor, 259 F. Supp. 2d 1282 (CIT 2003), where the authorities' affirmative instructions misled the petitioner and as a result she missed the deadline for challenging Labor's denial of her group's TAA petition. Quality Fabricating, 259 F. Supp. 2d at 1286-87.  There, the claimant relied on assurances and instructions from the state Trade Adjustment Representative and the Department of Labor that notice of the agency's determination would be posted on Labor's website. Id.  In fact, the notice was published in the Federal Register, and was not posted on the Department of Labor website until nearly two months later. Id. at 1284.  Thus, in spite of her due diligence, which included checking the website daily, continuously emailing the agency's regional office, visiting her Trade Adjustment Representative, reading pamphlets given to her by the Representative, calling Labor's TAA office in Washington, and contacting her state and federal representatives, the claimant had missed her opportunity to challenge Labor's denial. Id. at 1286.  In contrast, here neither the Department of Labor nor its state agents gave Willhoft misleading "affirmative instructions." Id. at 1288.  Rather, Willhoft was given accurate responses to the information she requested. Willhoft Affidavit ¶¶ 8, 11; Plaintiffs' Opposition at 3.

The present case can also be distinguished from <u>Truong v. U.S. Sec'y of Agriculture</u>, 461 F. Supp. 2d 1349 (CIT 2006), where the court found that the petitioner had successfully stated a case for equitable tolling by arguing that the Department of Agriculture's Farm Service Agency did not properly notify her that her class had been recertified for benefits, as was required by 19 U.S.C. § 2401d. <u>Id.</u> at 1350, 1354.  Former employees of Fisher were not certified at the time Willhoft claims that Labor should have informed her about the TAA program.  Thus, the Plaintiffs incorrectly liken Willhoft's case to that of the <u>Truong</u> claimant, arguing that the agency had a duty to inform her of TAA benefits and deadlines, pursuant to 19 U.S.C. § 2775(a).  Although the agency has a duty to "provide written notice" to those whom the Secretary of Labor has reason to believe are a part of the certified group, the agency does not have a duty to provide such notice to members of a potential class that they might qualify for certification. 19 U.S.C. § 2275(b)(1) ("The Secretary shall provide written notice . . . to each worker whom the Secretary has reason to believe is covered by a certification"); <u>accord</u> <u>Sonoco</u> 372 F.3d at 1299 (rejecting appellants' attempt to "impose upon the state employment office the type of affirmative obligations found in an attorney-client relationship.").

**V**

**CONCLUSION**

For the reasons stated above, Plaintiff is not entitled to equitable tolling, and Defendant's

Motion to Dismiss for Lack of Subject Matter Jurisdiction is Denied.  Defendant's denial of

TAA certification to Willhoft is affirmed.


  _/s/ Evan J. Wallach_____
  Evan J. Wallach, Judge

Dated:    August 23, 2007
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                :
FORMER EMPLOYEES OF              :
FISHER & COMPANY, INC.,          :
                                :
              Plaintiffs,        :
                                :        Before:        WALLACH, Judge
              v.                 :        Court No.:     06-00403
                                :
UNITED STATES DEPARTMENT         :
OF LABOR,                        :
                                :
              Defendant.         :
_____:

<u>ORDER AND JUDGMENT</u>

Upon consideration of Defendant's Motion to Dismiss for Lack of Jurisdiction ("Defendant's Motion to Dismiss"); the court having reviewed all pleadings and papers on file herein, and good cause appearing therefor, it is hereby

ORDERED ADJUDGED AND DECREED that Defendant's Motion to Dismiss be and hereby is DENIED, and it is further

ORDERED ADJUDGED AND DECREED that Defendant's Motion to Dismiss, having been deemed a motion for summary judgment, the court having examined the pleadings and papers on file herein, and good cause appearing therefor, it is further

ORDERED ADJUDGED AND DECREED that Defendant's Motion For Summary Judgment be and hereby is GRANTED; and it is further

ORDERED ADJUDGED AND DECREED that a final judgment in favor of Defendant and against Plaintiff be and hereby is GRANTED.


  _/s/ Evan J. Wallach_____
   Evan J. Wallach, Judge


Dated:   August 23, 2007
         New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of  the  court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____

Deputy Clerk